**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| JOHN DOE and JANE DOE, Individually | * | |
| and as foster parents and next best friends of | * | |
| BABY M, a minor, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| vs. | * | No. 4:08CV00622SWW |
| | * | |
| JOHN SELIG, in his official capacity as | * | |
| Director of the ARKANSAS DEPARTMENT | * | |
| OF HUMAN SERVICES; PAT PAGE, in her | * | |
| official capacity as Director of the Division | * | |
| of Children and Family Services of the | * | |
| Arkansas Department of Human Services; | * | |
| and ALICEN BENNETT, in her official | * | |
| capacity as an Employee of the Arkansas | * | |
| Department of Human Service, | * | |
| | * | |
| Defendants. | * | |

**Memorandum Opinion and Order**

This action came on for hearing July 24, 2008, upon plaintiffs' motion for a preliminary injunction to prevent defendants from removing Baby M from their custody and placing Baby M for adoption with a younger family based simply on the fact that plaintiffs are over the age of forty.[1]  For the reasons stated at the conclusion of the hearing and set out below, the Court finds the motion should be denied and the case should be dismissed without prejudice.

**Background**

---

[1] At the outset of the hearing, the Court granted defendants' motion to seal record and for qualified protective order. Docket entry 7. The Court hereby directs the Clerk to file under seal the exhibits provided to the Court and referred to in defendants' response to the motion for preliminary injunction.

Baby M was born in March 2008 to a married couple. Five days after her birth, the Arkansas Department of Human Services ("ADHS") took an emergency hold on Baby M and petitioned the state court for emergency custody and a dependent/neglect determination. The ADHS Division of Children and Family Services ("DCFS") placed Baby M in the approved foster home of plaintiffs. After a hearing on May 13, 2008, the state court issued an adjudication order on June 16, 2008, finding Baby M dependent-neglected. The state court set a date for a review hearing and authorized a goal of reunification.

According to the allegations of the complaint, on May 13, 2008, separate defendant Alicen Bennett told plaintiffs that the DCFS had determined that plaintiffs would not be allowed to adopt Baby M because they are over forty years of age.[2]  Plaintiffs state that based on Bennett's statements, they understood Baby M would be removed from their care and placed for adoption with persons under forty years of age, and that the removal of Baby M was imminent.[3]

On June 25, 2008, plaintiffs filed a petition in state court to adopt Baby M, and on June 27, 2008, plaintiffs filed a motion to intervene in the dependency/neglect case as well as a motion for temporary restraining order and a motion for emergency hearing. The state court granted the motion for emergency hearing, which was held on July 11, 2008. In an order dated July 23, 2008, the court denied plaintiffs' motion to intervene and denied their motion for temporary restraining order. In making its ruling, the court stated it would grant plaintiffs a hearing on their adoption petition prior to hearing any other adoption petition provided certain conditions are met.

---

[2] Compl. at ¶ 21.

[3] *Id.* at ¶ 22.

Plaintiffs filed a complaint in federal court on July 18, 2008, challenging the constitutionality of DCFS Procedure VIII-G2 ("the policy") which states, in pertinent part: "The following criteria will be considered in determining the appropriateness of adoptive applicants . . . Applicant is between the age of twenty-one (21) and forty (40) years for an infant (up to one year old) . . ."[4] Plaintiffs contend the policy violates their rights to due process and equal protection under the Fourteenth Amendment to the United States Constitution and violates the Arkansas separation of powers doctrine. Plaintiffs ask the Court to issue a preliminary injunction to stop defendants from removing Baby M from their care and placing Baby M for adoption with a younger family based simply on plaintiffs' age. Defendants argue plaintiffs' motion for preliminary injunction should be denied and the case should be dismissed for lack of jurisdiction.

## Discussion

**A.    *Younger* Abstention**

In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that federal courts should not enjoin pending state criminal proceedings "except under special circumstances" where an injunction is necessary to prevent "both great and immediate" irreparable injury. *Id.* at 41, 45. The *Younger* doctrine was applied to civil litigation to which the state was a party in *Huffman v. Pursue, Ltd.,* 420 U.S. 592 (1975) and *Trainor v. Hernandez*, 431 U.S. 343 (1977). In *Juidice v. Vail,* 430 U.S. 327 (1977), the Supreme Court applied *Younger* to a civil proceeding in which the government was not a party. *See also Moore v. Sims*, 442 U.S. 415 (1979)(federal court should abstain so long as proceedings exist in state system to adjudicate constitutional claim). In *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987), the Supreme Court resolved the issue as to whether *Younger*

---

[4]Compl., Ex. A.

3

applied to private civil litigation, holding *Younger* abstention applies where there is an important government interest at stake.

The federal judiciary must presume that state courts are capable of establishing and administering judicial processes that are wholly consistent with the federal constitution, and also presume "that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil,* 481 U.S. at 15. In cases seeking to enjoin ongoing state court proceedings, federal courts should not exercise jurisdiction but should dismiss the cases in their entirety. *See Huffman, supra; Gibson v. Berryhill,* 411 U.S. 564, 577 (1973).

Abstention under *Younger* is appropriate where: 1) there is an ongoing state judicial proceeding; 2) the proceeding implicates important state interests; 3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and 4) there is no evidence of "bad faith, harassment, or other exceptional circumstances." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982). In the case before the Court, it is undisputed that there is an ongoing state court proceeding, that the proceeding implicates important state interests, and that plaintiffs have an adequate opportunity to challenge the policy at issue here in state court. Lastly, there is no evidence of exceptional circumstances to render abstention inappropriate. Thus, the Court finds it should abstain from hearing this matter.

**B.     Ripeness**

The Court further finds that plaintiffs' claims are not ripe for determination. A claim is not ripe for adjudication if it depends on contingent future circumstances that may not occur as anticipated, or may not occur at all. *Texas v. United States,* 528 U.S. 296, 300 (1998). A ripeness challenge requires a court to assess both the fitness of the issues for consideration and the hardship

to the parties of withholding the court's consideration. *Id*. at 300-01. The purpose of the ripeness doctrine, among other things, is to prevent judicial interference before a proceeding has been formalized and its effects felt in a concrete way by the parties. *Abbott Laboratories v. Gardner,* 387 U.S. 136, 148-49 (1967). Plaintiffs' petition for adoption is pending in state court. It has not been denied. Their age may or may not be a determining factor in the resolution of their petition. Plaintiffs cannot show they have been harmed by the over-40 policy.

**C.     Threat of Irreparable Harm**

Whether a preliminary injunction should issue involves consideration of:

(1) the threat of irreparable harm to the movant should the request for an injunction not be granted;
(2) the balance between this harm and the injury that granting the injunction will inflict on other parties involved in the case;
(3) the probability that the movant will succeed on the merits of the underlying case; and
(4) the public interest.

*See Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). The absence of a finding of irreparable harm to the movant is sufficient grounds upon which to deny a preliminary injunction. *Id*. at 114 n.9.

The Court finds plaintiffs fail to establish on the record a threat of irreparable harm. In his ruling denying plaintiffs' motion to intervene and for temporary restraining order, the state court judge found that because Baby M has been able to bond with plaintiffs without apparent difficulty, it is likely that she can and will be able to bond with other appropriate care givers, even if there is an adjustment period. He found that Baby M would not suffer irreparable harm. The Court has no reason to disagree with that finding and it is entitled to respect. As to plaintiffs, the state court found they entered into the foster home agreement with ADHS with the understanding that as foster parents, the placement was temporary.

**Conclusion**

IT IS THEREFORE ORDERED that the complaint be and is hereby dismissed without prejudice. The motion for preliminary injunction [docket entry 1] is denied.

SO ORDERED THIS 25th day of July 2008.


/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE